# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED,<br><br>        Plaintiff,<br><br>   v.<br><br>DEPT. OF MENTAL HEALTH, et al.,<br><br>        Defendants. | CASE NO. 1:08-cv-01321-GSA PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

**I.    Screening Requirement**

Plaintiff is civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). This action proceeds on the complaint brought by Plaintiff against the following defendants: California Department of Mental Health; Stephen Mayberg; Cynthia Radavsky; Linda Clark; Barbra Devine; Pam Ahlin; Linda Fields. Plaintiff claims that defendants have infringed on his right to the free exercise of his religious beliefs.

The Court is required to screen complaints brought that seek relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding

1

any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.** **Plaintiff's Claims**

    **A.** **Summary of Complaint**

Plaintiff is currently housed at Coalinga State Hospital, where the events complained of occurred. Plaintiff alleges that he did not have access to a protestant chaplain, that a spiritual book was destroyed and that he was denied a prayer rug. Plaintiff specifically alleges that in September of 2008, the protestant chaplain informed Plaintiff (and other inmates) that he would be leaving to work at another facility. Plaintiff alleges that "since this time, with the exception of two times, there has been no chaplain to provide for the spiritual needs of the protestant community or to hold services." (Compl. ¶ IV.) Plaintiff contends that Defendant Clark, the Assistant Chief of Central Program Services is responsible for hiring another chaplain. She failed to do so, and is therefore responsible for the absence of a chaplain.

Plaintiff alleges that he has been denied permission to possess a prayer rug, though it is not considered contraband and other patients at the hospital possess them. Plaintiff alleges that "this action was denied by Defendant Barbra DeVine, who was the Program Director for Program One, but has since moved to another program. It was fully supported by Pam Ahlin, Executive Director.

(Attach. 1 to Compl.)

Regarding Plaintiff's allegation that his spiritual book was damaged, Plaintiff alleges that "this was done by defendant Linda Fields, level of care staff and fully supported by her supervisors, who as of date have not taken any action to replace or compensate plaintiff for the cost of the book." (Attach. 1 to Compl.)

### B.   First Amendment

The First Amendment of the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const., amend. I. "Inmates clearly retain protections afforded by the First Amendment . . . including its directive that no law shall prohibit the free exercise of religion". O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citing Pell v. Procunier, 417 U.S. 817, 822 (1974); Cruz v. Beto, 405 U.S. 319 (1972)). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)). "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).

As to the chaplain, The Ninth Circuit, in Johnson v. Moore, 948 F.2d 517, 520 (9th Cir. 1991), citing Allen v. Toombs, 827 F.2d 563, 569 (9th Cir. 1987), held that prisons need only provide inmates with a "reasonable opportunity" to worship in accord with their conscience. Allen, 827 F.2d at 569. In that case, Mr. Johnson did not show that the prison's failure to provide a chaplain denied him a "reasonable opportunity" to exercise his faith. Therefore, the prison's failure to make a chaplain available did not violate the plaintiff's First Amendment rights. See also Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972). Here, Plaintiff has alleged that he does not have access to a chaplain, but has not alleged any facts indicating that such lack of access has deprived him of a reasonable opportunity to exercise his faith. Specifically, there are no allegations that, without a chaplain, Plaintiff can not participate in any other expressions of his faith.

Here, Plaintiff alleges facts indicating that Defendants DeVine, Ahlin and Fields deprived Plaintiff of his religious property despite the fact that the property was not considered contraband. Specifically, Plaintiff alleges that he was deprived of his spiritual book and a prayer rug. A liberal construction of the complaint indicates that Plaintiff has stated a claim for relief against Defendants DeVine, Ahlin and Fields for a First Amendment violation.

### C.　RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. In order to state a claim for violation of RLUIPA, a plaintiff must demonstrate that the defendants substantially burdened the exercise of his/her religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005).[1] Liberally construed, Plaintiff has alleged facts indicating that Defendants DeVine, Ahlin and Fields, knowing that Plaintiff was authorized to possess a prayer rug and spiritual book, deprived Plaintiff of these items. Whether possession of the items is central to Plaintiff's religious practice is not before the Court at this stage of the litigation. "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id. Under RLUIPA, "religious exercise" is defined to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A); Greene v. Solano County Jail, 513 F.3d 982, 986 (9th Cir. 2008). "In fact, RLUIPA 'bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion.'" Id. (quoting Cutter v. Wilkinson, 544 U.S. 709, 725 n.13 (2005)).

### D.　Supervisory Liability

---

[1] Plaintiff's omission of a citation to the RLUIPA in his complaint does not foreclose him from pursuing claims under the RLUIPA where his factual allegations are sufficient to have presented a claim under the RLUIPA so as to have amounted to "fair notice" of that claim, even though the statute was not cited in the complaint itself. Alvarez v. Hill, 518 F.3d 1152, 1159 (9th Cir. 2008).

As to Defendants Mayberg, Radavsky, Ahlin and Clark, liability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. Lst, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs. Defendants Mayberg, Clark and Radavsky should therefore be dismissed from this action. Defendant Ahlin should be dismissed for Plaintiff's failure to state any claims against her in her supervisory capacity.

### III. Conclusion and Order

Plaintiff's complaint states claims under the First Amendment and RLUIPA against Defendants Devine, Ahlin and Fields. However, the complaint does not state any cognizable claims against Defendants Mayberg, Radavsky and Clark or Defendant Ahlin in her supervisory capacity. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue an order for dismissal of the other defendants, and will forward Plaintiff three summonses and three USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Devine, Ahlin and Clark for violations of the First Amendment and RLUIPA.

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.


IT IS SO ORDERED.

Dated:   **June 17, 2010**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE