# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED, | 1:08-cv-01321-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION TO DISMISS BE GRANTED, DISMISSING CLAIMS, AND THAT CERTAIN OTHER CLAIMS BE DISMISSED SUA SPONTE, WITH LEAVE TO AMEND |
| v. | |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al., | |
| Defendants. | (Doc. 17.) |
| | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

## I.  BACKGROUND

Richard S. Kindred ("Plaintiff"), a civil detainee proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 5, 2008. This action is proceeding on Plaintiff's original Complaint against defendants Pam Ahlin, Barbara Devine,[1] and Linda Fields[2] for infringing on Plaintiff's rights to freely exercise his religion, in violation of the

///

---

[1] Plaintiff spelled this defendant's name as "Barbra DeVine" in the Complaint. (Cmpl., Doc. 1 at 4.) Defendants spelled this defendant's name as "Barbara Devine" in the motion to dismiss. (Motion, Doc. 17 at 1.) The Court uses the spelling given by Defendants.

[2] Defendant Linda Fields was served with process on April 6, 2011, but has not appeared in this action. (Doc. 24.)

1

1  First Amendment and 42 U.S.C. § 2000cc-1 (Religious Land Use and Institutionalized Persons Act
2  ("RLUIPA")).³ (Doc. 1.)
3       On December 14, 2010, defendants Ahlin and Devine ("Defendants") filed a motion to
4  dismiss some of Plaintiff's claims against them, based on Plaintiff's failure to state a claim. Fed.
5  R. Civ. P. 12(b)(6). (Doc. 17.) On December 30, 2010, Plaintiff filed an opposition to the motion,
6  and on January 6, 2011, Defendants filed a reply. (Docs. 19, 20.) Defendants' motion to dismiss
7  is now before the Court.

**II.    PLAINTIFF'S ALLEGATIONS AND CLAIMS**⁴

     **A.    <u>Plaintiff's Allegations</u>**

     Plaintiff is currently housed at Coalinga State Hospital ("CSH"), in Coalinga, California, where the events complained of occurred. At the time of the events at issue, defendant Pam Ahlin was the Acting Executive Director of CSH, defendant Barbara Devine was the Program Director for Program One at CSH, and defendant Linda Fields was a member of the Level of Care Staff at CSH. Plaintiff alleges that defendants Ahlin and Devine denied him permission "to order a prayer rug, even though [prayer rugs] are not considered contraband by the hospital and other patients at the hospital have them." (Cmpl., Doc. 1 at 3-4 ¶IV.) Plaintiff alleges that "this action [permission to order prayer rug] was denied by Defendant Barbra DeVine, who was the Program Director for Program One, . . . [and i]t was fully supported by Pam Ahlin, Executive Director (A)." <u>Id.</u> at 4. Plaintiff also claims that one of his spiritual books was damaged, alleging that "this was done by defendant Linda Fields, level of care staff and fully supported by her supervisors, who as of date have not taken any action to replace or compensate plaintiff for the cost of the book." <u>Id.</u>

---

³On July 22, 2010, the Court dismissed all other defendants from this action based on Plaintiff's failure to state any claims against them. (Doc. 9.) Plaintiff's claim against defendant Ahlin for supervisory liability was also dismissed. <u>Id.</u>
     Plaintiff's claim for injunctive relief was also dismissed by the Court. In the Complaint, Plaintiff brought a claim for injunctive relief, requesting "the Court to order that a Protestant Chaplain be hired full time immediately, that He/She be given an office that is accessible to patients at the hospital for the purpose of private counseling and spiritual groups to be held in." (Cmpl., Doc. 1 at 3 ¶5.) Plaintiff's claim as to the chaplain was dismissed, and therefore the request for injunctive relief was also dismissed. (Doc. 9.) Thus, Plaintiff is not proceeding for any injunctive relief in this action.

⁴This summary includes Plaintiff's claims found cognizable by the Court on June 17, 2010, and Plaintiff's related allegations. (Doc. 7.)

1    Plaintiff requests declaratory relief and punitive damages.

### B.    Plaintiff's Claims

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### 1.    First Amendment Free Exercise - Civil Detainee

Plaintiff claims that defendants Ahlin, Devine, and Fields violated his rights to freely exercise his religion under the First Amendment. The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "Under the Constitution, 'reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments.'" Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079 (1972) (addressing the rights of convicted prisoners)). "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process . . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). "However, as with other First Amendment rights in the inmate context, detainees' rights may be limited or retracted if required to 'maintain [ ] institutional security and preserv[e] internal order and discipline.' " Pierce, 526 F.3d at 1209 (quoting Bell v. Wolfish, 441 U.S. 520, 549, 99 S.Ct. 1861 (1979); citing see, e.g., Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997)).

///

3

"Restrictions on access to 'religious opportunities' . . . must be found reasonable in light of four factors: (1) whether there is a 'valid, rational connection' between the regulation and a legitimate government interest put forward to justify it; (2) 'whether there are alternative means of exercising the right that remain open to prison inmates;' (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation)." Pierce, 526 F.3d at 1209 (quoting Turner v. Safley, 482 U.S. 78, 89-90, 107 S.Ct. 2254 (1987); citing see also Beard v. Banks, 548 U.S. 521, 126 S.Ct. 2572 (2006); and citing Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir.1999) (en banc)). "Further, [when] dealing with [civil] detainees, to satisfy substantive due process requirements the restriction or regulation cannot be intended to serve a punitive interest." Pierce, 526 F.3d at 1209 (citing Bell, 441 U.S. at 535, 99 S.Ct. 1861).

### 2. RLUIPA

Although Plaintiff did not specifically bring a RLUIPA claim in his Complaint, he is not foreclosed from pursuing claims under RLUIPA where his factual allegations are sufficient to have presented a claim under RLUIPA so as to have amounted to "fair notice" of that claim, even though the statute was not cited in the Complaint itself. Alvarez v. Hill, 518 F.3d 1152, 1159 (9th Cir. 2008).

RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). To succeed on a RLUIPA claim, the plaintiff must allege facts demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison

///

4

regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

### III. DEFENDANTS' MOTION TO DISMISS

Defendants Ahlin and Devine bring a motion to dismiss some of Plaintiff's claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to state a claim upon which relief may be granted. Specifically, Defendants argue that Plaintiff's § 1983 claim cannot proceed against them in their official capacity; that Plaintiff fails to state any § 1983 claim against defendant Ahlin; that Plaintiff's request for monetary damages for violation of RLUIPA is not cognizable against them in their official or individual capacity; and that Plaintiff fails to state any RLUIPA claims against them in their individual capacity. In the alternative, Defendants request that this matter be stayed pending a United States Supreme Court decision in Sisney v. Reisch, U.S.S.C. Case No. 09-821, on the availability of monetary damages in a RLUIPA action.

#### A.     Legal Standard - 12(b)(6) Motion

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal at 1949 (citing Twombly, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

///

B. **Official Capacity - § 1983 Claims**

Defendants argue that Plaintiff's § 1983 suit for monetary damages against them in their official capacities is barred by the Eleventh Amendment. Defendants also argue that Plaintiff's Complaint cannot proceed against Defendants in their official capacities because they are not "persons" under § 1983. In opposition, Plaintiff asserts that he is suing Defendants in their individual capacities under § 1983, and in their official capacities for injunctive and declaratory relief.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Claims for damages against state officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099 (1985); see also Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989) ("neither a state nor its officials acting in their official capacities are 'persons' under § 1983.") However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). "[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the States.' " Will, 491 U.S. at 71, 109 S.Ct. 2304 (quoting Graham, 473 U.S. at 167, n. 14, 105 S.Ct. at 3106, n. 14).

Based on the foregoing, Plaintiff is not barred from bringing a § 1983 claim for prospective relief against Defendants in their official capacities. However, Plaintiff is unable to state any claim against Defendants under § 1983 in their official capacities for monetary relief.[5] Therefore, to the extent that Plaintiff brings official capacity claims under § 1983 against Defendants for monetary damages, Defendants' motion to dismiss such claims shall be granted, without leave to amend.

///

---

[5] Money or monetary damages include, *inter alia*, compensatory and punitive damages. Black's Law Dictionary 416-17 (8th ed. 2004).

6

C. **Section 1983 Claims against Defendant Ahlin**

Defendants argue that Plaintiff fails to state a claim against defendant Pam Ahlin because supervisory personnel are not liable under § 1983 under a theory of *respondeat superior* and Plaintiff's allegations against her are conclusory. Defendants argue that Plaintiff fails to establish the necessary causal link between the alleged constitutional violations and defendant Ahlin. Defendants contend that Plaintiff's allegation in the Complaint, that defendant Ahlin, as Executive Director of CSH, "fully supported" defendant Devine's denial of Plaintiff's request to order a prayer rug, is conclusory and shows no personal participation. (Cmpl., Doc. 1 at 4.) Defendants also assert that Plaintiff fails to allege any personal participation or supervisory liability by defendant Ahlin with regard to the damage to Plaintiff's spiritual book.

In opposition, Plaintiff asserts that defendant Ahlin personally participated in constitutional violations against him when she denied his administrative complaint while acting in her position of authority as Executive Director. (Opp'n, Doc. 19, Ex. 1 at 28, Ex. 3 at 55.)

In reply, Defendants argue that Plaintiff cannot premise § 1983 liability upon defendant Ahlin's determination of Plaintiff's administrative claim because processing of the grievance about the constitutional violation did not cause the constitutional violation. Defendants further argue that Plaintiff's claim fails because prisoners and civil detainees have no separate constitutional entitlement to a specific prison grievance procedure and therefore, an administrator's review of Plaintiff's administrative appeal cannot serve as the basis for liability in a § 1983 action.

***Legal Standards - Supervisory Liability & Personal Participation***

Under section 1983, the plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Id. at 1949-50; Moss, 572 F.3d at 969. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. Liability may not be imposed on supervisory personnel under § 1983 on the theory of *respondeat superior*, as each defendant is only liable for his or her own misconduct.

7

Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 633 F.3d 1191, 1197 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

### *Legal Standard – Inmate Appeals Process*

A defendant's actions in responding to a plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495.

### *Discussion*

Defendants' motion to dismiss the supervisory liability claims against defendant Ahlin is moot, because those claims were dismissed by the Court on July 22, 2010. (Doc. 9.)

With respect to individual liability, the Court agrees that Plaintiff's allegations against defendant Ahlin are insufficient to state a claim. Plaintiff alleges in the Complaint that defendant Ahlin "fully supported" defendant Devine's denial of Plaintiff's request to order a prayer rug. (Cmpl., Doc. 1 at 4.) Plaintiff also alleges that unnamed supervisors supported defendant Fields when she damaged Plaintiff's spiritual book. Id. These allegations are insufficient to state a claim because there are no factual allegations describing any personal act or personal involvement by

defendant Ahlin or the unnamed supervisors in the constitutional violations against Plaintiff. Detailed factual allegations are not required, but a plaintiff must show more than the possibility of conduct in order to state a claim. Iqbal, 129 S.Ct. at 1949-50. Courts "are not required to indulge unwarranted inferences." Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff's argument that defendant Ahlin personally participated in constitutional violations by denying Plaintiff's administrative complaint is unpersuasive because, as discussed above, a defendant's actions in responding to a plaintiff's appeals, alone, cannot give rise to any claims for relief under § 1983. Therefore, Defendants' motion to dismiss Plaintiff's § 1983 claims against defendant Pam Ahlin shall be granted, without leave to amend.

### D.   RLUIPA – Money Damages in Official Capacity

Defendants argue that the Eleventh Amendment precludes Plaintiff's claim for monetary damages against Defendants in their official capacities for violation of RLUIPA. Defendants cite Holley v. Cal. Dept. of Corr., in which the Ninth Circuit joined other circuits in finding that RLUIPA's provision for "appropriate relief" does not extend a waiver of sovereign immunity unambiguously to monetary claims. Holley v. Cal. Dept of Corr., 599 F.3d 1108, 1112 (9th Cir. 2010). In the alternative, Defendants request a stay of the matter, pending the United States Supreme Court's decision in Sisney v. Reisch, U.S.S.C. Case No 09-821, which concerns, in part, the cognizability of such claims under the Eleventh Amendment.

Defendants' request to stay this action pending a decision in Sisney is moot, because a decision in Sisney is not pending. Petitions for writ of certiorari for Sisney were denied by the United States Supreme Court on May 24, 2010 and April 25, 2011. Sisney v. Reisch, 130 S.Ct. 3323 (2010); Sisney v. Reisch, 131 S.Ct. 2149 (2011). Therefore, Defendants' request for stay of this matter is denied as moot.

As discussed above, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei, 488 F.3d at 1147. The United States Supreme Court recently held that the "appropriate relief" language in RLUIPA did not clearly and unequivocally notify states that, by accepting federal funds, they were

waiving their sovereign immunity to suits for money damages under RLUIPA, and did not result in the waiver of the state's immunity from a damages suit by a prisoner whose free exercise rights were allegedly burdened. Sossamon v. Texas, 131 S.Ct. 1651, 1658-59, 79 L.Ed.2d 700 (2011); see also Holley, 599 F.3d at 1112. The Court also found that Congress, by using the phrase "appropriate relief," did not clearly manifest its intent to include a damages remedy when the defendant is a sovereign. Id. at 1659. Based on this ruling, Plaintiff is unable to state a RLUIPA claim for monetary damages against Defendants in their official capacities. Therefore, Defendants' motion to dismiss those claims, if any, shall be granted, without leave to amend.

### E.  Individual Liability under RLUIPA

Defendants argue that to the extent Plaintiff seeks to recover against Defendants in their individual capacities under RLUIPA, the Court should dismiss the RLUIPA claim. Defendants seek a decision that is in agreement with four circuit courts – the Fourth, Fifth, Seventh, and Eleventh Circuits – which have already declared that RLUIPA does not permit suit against officials in their individual capacities. These courts reasoned that Spending Clause enactments, such as RLUIPA, often indicate a Congressional intent to condition the states' receipt of federal funds on the state's consent to suit against the state entity, as a direct recipient of the funds. Rendelman v. Rouse, 569 F.3d 182, 187-89 (4th Cir. 2009); Sossamon v. Texas, 560 F.3d 316, 327-29 (5th Cir. 2009); Nelson v. Miller, 570 F.3d 868, 886-89 (7th Cir. 2009); Smith v. Allen, 502 F.3d 1255, 1271-75 (11th Cir. 2007). However, even though RLUIPA is a Spending Clause enactment, these courts decided there is no evidence of Congressional intent to impose individual liability upon, or permit suit against, a state's employees, who are not direct recipients of federal funds. Id. Defendants argue that although the Ninth Circuit has not yet ruled on this issue, the Ninth Circuit has declared RLUIPA a constitutional exercise of Congress' spending power, Mayweathers v. Newland, 314 F.3d 1062, 1066 (9th Cir. 2002), and therefore Ninth Circuit courts may employ the Spending Clause analysis used by the Fourth, Fifth, Seventh, and Eleventh Circuits.[6]

---

[6] Defendants bring a Request for judicial notice of court records submitted as exhibits to their Request. (Doc. 71-1.) Defendants' Request for judicial notice is granted. U.S. v. Howard, 381 F.3d 873, 876 (9th Cir. 2004) (citing see United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take judicial notice of court records in another case)).

*__Discussion__*

RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). "This subsection applies in any case in which the substantial burden is imposed in a program or activity that receives Federal financial assistance, even if the burden results from a rule of general applicability." 42 U.S.C. § 2000cc(a)(2)(A). RLUIPA includes a private right of action which allows "[a] person [to] assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc-2(a). Here, the term "government" includes, *inter alia*, States, counties, municipalities, their instrumentalities and officials, and persons acting under color of state law. 42 U.S.C. § 2000cc-5(4)(a).

The United States Supreme Court recently held that "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA," precluding RLUIPA actions against States, or individuals in their official capacity, for monetary damages. Sossamon, 131 S.Ct. at 1663. However, the Supreme Court has not decided whether persons can be sued under RLUIPA in their individual capacity for monetary damages. The plain language of the statute suggests that there is a cause of action against Defendants in their individual capacities for "appropriate relief," which may include damages. 42 U.S.C. § 2000cc-2(a). The Ninth Circuit has not yet addressed this issue in a published decision.[7]

///

---

[7] However, although not addressing the issue, the Ninth Circuit has issued unpublished decisions that, by affirming defendants' entitlement to qualified immunity, implicitly assume the existence of an individual capacity RLUIPA claim for damages. See Campbell v. Alameida, 295 Fed. Appx. 130, 131 (9th Cir. 2008); Von Staich v. Hamlet, 2007 WL 3001726, at *2 (9th Cir. 2007).

Congress passed RLUIPA, in part, pursuant to its Spending Clause authority. Sossamon, 131 S.Ct. at 1656. "Section 3 [of the RLUIPA] applies when the substantial burden on religious exercise is imposed in a program or activity that receives federal financial assistance," Cutter, 544 U.S. at 716 (alterations and internal quotations omitted); Mayweathers, 314 F.3d at 1066, and by receiving federal funds to assist in the financial burdens of running state prisons, California has consented to being sued for violations of RLUIPA. Mayweathers, 314 F.3d at 1069 n.3 (noting that federal funding is part of California's annual prison operating budget – despite it totaling less than one percent).

The Spending Clause of the Constitution provides, in pertinent part, that "Congress shall have the Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States." U.S. Const. art I., § 8, cl. 1. Accordingly, "Congress may attach conditions on the receipt of federal funds" and may "further its broad policy objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives." South Dakota v. Dole, 483 U.S. 203, 206 (1987) (citation and quotations omitted). Congress' Spending Clause legislation typically grants federal funds to state institutions in exchange for the state's compliance with certain conditions which has been described as creating a "contract" between the federal government and the recipient state. See Floyd v. Waiters, 133 F.3d 786, 789 (11th Cir. 1998) (citation omitted), vacated on other grounds, 525 U.S. 802, reinstated at 171 F.3d 1264 (11th Cir. 1999).

While the Ninth Circuit has not addressed the issue of individual liability, other circuit courts, and district courts from other circuits, have ruled that individual officials are not the recipients of federal funds so as to be liable in their personal capacities under legislation which is enacted pursuant to Congress' spending power. See Jennings v. Univ. of North Carolina, 444 F.3d 255, 268 n.9 (4th Cir. 2006) ("Title IX was enacted pursuant to Congress' spending power and prohibits discriminatory acts by funding recipients. Because school officials are not funding recipients under Title IX, school officials may not be sued in their individual capacities under Title IX"); Sossamon, 560 F.3d at 328-29 (citing Pederson v. LSU, 213 F.3d 858, 876 (5th Cir. 2000) and Rosa H. v. San Elizario Indep. Sch. Dist., 106 F.3d 648, 654 (5th Cir. 1997)) (noting that the Fifth Circuit had

adopted a rule that Spending Clause legislation can only generate liability for funding grant recipients); Nelson, 570 F.3d 868 (holding that RLUIPA does not allow for suits against prison officials in their individual capacity); Smith, 502 F.3d at 1275 (holding individual officers are "not 'recipients'"of federal funding such "that section 3 of RLUIPA – a provision that derives from Congress' Spending Power – cannot be construed as creating a private action against individual defendants for monetary damages"); see also, e.g., Moxley v. Town of Walkersville, 601 F.Supp.2d 648, 660 (D.Md. 2009) (agreeing with the rationale in Smith, and holding that a personal capacity suit is not available against an individual defendant under RLUIPA); Pugh v. Goord, 571 F.Supp.2d 477, 507 (S.D.N.Y. 2008) (finding the reasoning in Smith convincing, and concluding that RLUIPA does not provide for money damages against defendants in their individual capacities); Boles v. Neet, 402 F.Supp.2d 1237, 1240 (D.Colo. 2005) ("The Court understands [RLUIPA] to permit cases against a governmental entity, but not against an individual officer, except perhaps in his or her official capacity"); Hale O Kaula Church v. Maui Planning Comm'n, 229 F.Supp.2d 1056, 1067 (D.Haw. 2002) (holding that RLUIPA does not allow for suits against prison officials in their individual capacity); Boles, 402 F.Supp.2d at 1241 (holding that RLUIPA does not allow for suits against prison officials in their individual capacity). Further, the Eleventh Circuit has specifically held (in a Title IX context) that statutes based on Congress' spending power cannot be used to subject a non-recipient of federal funds, including a state official acting in his or her individual capacity, to private liability for monetary damages. Hartley v. Parnell, 193 F.3d 1263, 1270 (11th Cir. 1999).

Many of the district courts of the Ninth Circuit have also adopted the reasoning of the Fourth, Fifth, Seventh, and Eleventh Circuits in prior cases. See Rouser v. Tilton, 2010 WL 2942687 at *7 (E.D.Cal., July 23, 2010) (no RLUIPA claim for damages against officials in individual capacities); Hypolite v. CDCR, 2010 WL 1729736 at *4-5 (E.D.Cal., Apr. 28, 2010) (no individual capacity claim); Alvarez v. Hill, 2010 WL 582217 (D.Ore., Feb. 12, 2010) (no individual capacity claim); Fields v. Voss, 2010 WL 476040 at *3-4 (E.D.Cal., Feb. 4, 2010) (no individual capacity suits for money damages); Rupe v. Cate, 688 F.Supp.2d 1035, 1046 (E.D.Cal. 2010) (RLUIPA does not support a cause of action against defendants in their individual capacity); Hundal v. Lackner, 2009

WL 2985448 at *4 (C.D.Cal., Sept. 15, 2009) (no individual capacity claim); and Harris v. Schriro, 652 F.Supp.2d 1024, 1028-30 (D.Ariz. 2009) (dismissing individual capacity claims for damages under RLUIPA based on out-of-circuit authority); but see Mauwee v. Donat, 2009 WL 3062787 at *6-7 (D.Nev., Sept. 18, 2009) (individual capacity claim permitted); Sokolsky v. Voss, 2009 WL 2230871 at *5-6 (E.D.Cal., July 24, 2009) (court found on a motion to dismiss that defendants in their individual capacities were not entitled to qualified immunity regarding a Kosher food claim); and Guru Nanak Sikh Society of Yuba City v. County of Sutter, 326 F. Supp.2d 1140, 1162 (E.D.Cal. 2003) (court noted that the recovery of damages under RLUIPA is an open question and only granted plaintiff nominal damages of one dollar against each defendant).

This Court agrees with the Fourth, Fifth, Seventh, and Eleventh Circuits which have held that RLUIPA does not support a cause of action against defendants in their individual capacity. It appears most reasonable, based on the weight and reasoning of the available authority, to conclude that actions may not be brought against prison officials in their individual capacities under section 3 of RLUIPA, as they are not the recipients of federal funds to which RLUIPA standards apply. Smith, 502 F.3d at 1271-75; Nelson, 570 F.3d at 886-889[8]; Sossamon, 560 F.3d at 328-29; see also, e.g., Moxley, 601 F.Supp.2d at 660 (agreeing with the rationale in Smith, and holding that a personal capacity suit is not available against an individual defendant under RLUIPA); Pugh, 571 F.Supp.2d at 507 (concluding that RLUIPA does not provide for money damages against defendants in their individual capacities); Boles, 402 F.Supp.2d at 1240 ("The Court understands [RLUIPA] to permit

///

---

[8] The Seventh Circuit noted that "[t]he Ninth Circuit appears to have assumed that RLUIPA allows for individual capacity suits because it affirmed a district court's grant of qualified immunity to a defendant official under the statute." Nelson, 570 F.3d at 887 n.11 (citing Campbell, 295 Fed.Appx. at 131). It does not appear to this Court that the ruling in Campbell was intended to have precedential effect as to whether an official may be sued in his official and/or individual capacity under RLUIPA and the Court declines to join in the Seventh Circuit's evaluation and does not find any such implications as binding precedent in this case as Campbell was a one page unpublished opinion from the Ninth Circuit which does not directly address this issue, but only tangentially infers that a personal capacity suit might be possible based on the affirmation of a grant of qualified immunity. It is of further note that the Seventh Circuit made this notation only as a footnote in opposition to a statement that the only other circuit courts to address the issue have found that state officials could not be held liable in their individual capacities under RLUIPA. Nelson, 570 F.3d at 887 (citing Smith and Sossamon). It is also important to note that, after this discussion, the Seventh Circuit ultimately held that actions may not be brought against prison officials in their individual capacities under section 3 of RLUIPA as they are not the recipient of federal funds to which RLUIPA standards apply. Id. at 886-889.

cases against a governmental entity, but not against an individual officer, except perhaps in his or her official capacity").

For the foregoing reasons, Plaintiff may not proceed against Defendants in their individual capacities under RLUIPA. Therefore, Defendants' motion to dismiss Plaintiff's RLUIPA claims against them in their individual capacities shall be granted, without leave to amend.

## IV.   *SUA SPONTE* SCREENING

The Court has conducted a *sua sponte* screening of the claims in the Complaint which were not addressed by Defendants' motion to dismiss. Pursuant to 28 U.S.C. § 1915A, the Court, on review, must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### A.   RLUIPA – Injunctive Relief in Official Capacity

Plaintiff may be able to state a RLUIPA claim based on the denial of his request for permission to order a prayer rug. The Court understands RLUIPA to allow suits for non-monetary relief against "government," which includes "States[,] . . . their instrumentalities and officials, and persons acting under color of state law." 42 U.S.C. § 2000cc-5(4)(a). As discussed above, RLUIPA does not allow suits against defendants in their individual capacities, but Plaintiff is not precluded from bringing suit against a State instrumentality, or a person in his/her official capacity, for non-monetary relief. Plaintiff shall be granted leave to file an amended complaint, should he so wish.

### B.   Defendant Linda Fields

The present motion to dismiss was brought only by defendants Ahlin and Devine. Linda Fields is the other defendant upon which this case proceeds, and the Court has found cognizable claims against her. (Doc. 7.) Plaintiff brings claims against defendant Fields for violation of the First Amendment and RLUIPA. Defendant Fields has not joined the motion to dismiss.

///

1     Like the claims against defendants Ahlin and Devine, Plaintiff brings § 1983 claims and
2 RLUIPA claims against defendant Fields for violation of Plaintiff's rights to freely exercise his
3 religion. Therefore, the Court's discussions above, at ¶¶III.B & III.D., also apply to Plaintiff's claims
4 against defendant Fields. Accordingly, based on Eleventh Amendment immunity and the Supreme
5 Court's recent decision in Sossamon, Plaintiff fails to state any § 1983 claims or RLUIPA claims for
6 monetary damages against defendant Fields in her official capacity. Sossamon, 131 S.Ct. at 1658-59,
7 79 L.Ed.2d 700. Further, based on this Court's conclusion that RLUIPA does not provide for claims
8 against defendants in their individual capacities, as discussed above at ¶III.E., Plaintiff fails to state
9 any RLUIPA claims against defendant Fields in her individual capacity.

10     Based on this analysis, the Court shall *sua sponte* dismiss the § 1983 claims for monetary
11 damages against defendant Fields in her official capacity, the RLUIPA claims for monetary damages
12 against defendant Fields in her official capacity, and the RLUIPA claims against defendant Fields
13 in her individual capacity. As a result, the only cognizable claim remaining against defendant Fields
14 is Plaintiff's § 1983 claim for monetary damages against her in her individual capacity.

15   **C.   Declaratory Relief**

16     Plaintiff seeks declaratory relief against the defendants in the Complaint. (Cmpl., Doc. 1 at
17 3 ¶5.) A declaration that the defendants violated Plaintiff's rights is unnecessary. "A declaratory
18 judgment, like other forms of equitable relief, should be granted only as a matter of judicial
19 discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S.
20 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose
21 in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief
22 from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d
23 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict
24 in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated.
25 Accordingly, Plaintiff's request for declaratory relief shall be denied, with prejudice.

26 **IV.   CONCLUSION AND RECOMMENDATIONS**

27     In light of the foregoing, the Court finds that Defendants' motion to dismiss should be
28 granted, dismissing certain claims, and that other claims should be dismissed *sua sponte*, based on

Plaintiff's failure to state a claim upon which relief may be granted. Plaintiff should be granted leave to file an amended complaint, if he so wishes, as directed by this order. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that:

1. The motion to dismiss, filed by Defendants Ahlin and Devine on December 14, 2010, be GRANTED:

    (1) Plaintiff's 1983 claims for monetary damages against defendants Ahlin and Devine in their official capacities be DISMISSED for failure to state a claim, without leave to amend;

    (2) Plaintiff's RLUIPA claims for monetary damages against Defendants Ahlin and Devine in their official capacities be DISMISSED for failure to state a claim, without leave to amend;

    (3) Plaintiff's § 1983 claims against defendant Ahlin be DISMISSED for failure to state a claim against her, without leave to amend; and

    (4) Plaintiff's individual capacity RLUIPA claims be DISMISSED for failure to state a claim, without leave to amend;

2. Upon the Court's *sua sponte* screening of the Complaint:

    (1) Plaintiff's request for declaratory relief be DENIED, with prejudice;

    (2) Plaintiff's § 1983 claims for monetary damages against defendant Fields in her official capacity be DISMISSED for failure to state a claim, without leave to amend;

    (3) Plaintiff's RLUIPA claims for monetary damages against defendant Fields in her official capacity be DISMISSED for failure to state a claim, without leave to amend; and

    (4) Plaintiff's individual capacity RLUIPA claims against defendant Fields be DISMISSED for failure to state a claim, without leave to amend;

    (5) Plaintiff's remaining official capacity RLUIPA claims be DISMISSED, with leave to amend; and

3. Plaintiff be required to either: (1) file an amended complaint curing the deficiencies identified in this order, or (2) notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only against defendants Barbara Devine and Linda Fields under § 1983 for money damages, for the violation of his rights to freely exercise his religion under the First Amendment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **July 11, 2011**         /s/ **Gary S. Austin**
                        UNITED STATES MAGISTRATE JUDGE