# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED, | 1:08-cv-01321-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT AGAINST DEFENDANT FIELDS |
| v. | (Doc. 26.) |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al., | ORDER GRANTING DEFENDANTS' MOTION TO QUASH SERVICE |
| Defendants. | (Doc. 28.) |
| | ORDER SETTING ASIDE FINDING THAT DEFENDANT FIELDS WAS SERVED WITH PROCESS |
| | ORDER GRANTING PLAINTIFF ADDITIONAL TIME TO EFFECT SERVICE UPON DEFENDANT FIELDS |

**I.  BACKGROUND**

Richard S. Kindred ("Plaintiff"), a civil detainee presently detained at Coalinga State Hospital ("CSH"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 5, 2008. (Doc. 1.)  This action now proceeds on Plaintiff's original Complaint against defendants Barbara

1

Devine[1] and Linda Fields,[2] for the violation of Plaintiff's rights to freely exercise his religion under the First Amendment.[3] Id.

On July 12, 2011, the Court found that "[d]efendant Linda Fields was served with process on April 6, 2011, but has not appeared in this action." (Findings and Recommendations, Doc. 25 at 1, fn.2.) On July 15, 2011, Plaintiff filed a request for entry of default against defendant Fields. (Doc. 26.) On August 5, 2011, defendants Devine and Ahlin filed an opposition to Plaintiff's request.[4] (Doc. 27.) On August 10, 2011, defendants Devine and Ahlin filed a motion to quash service of the summons upon defendant Fields, and requested the Magistrate Judge to set aside the finding that defendant Fields was served with the complaint. (Doc. 28.) On August 15, 2011, Plaintiff filed a reply to defendants' opposition to the request for entry of default. (Doc. 29.)

Plaintiff's request for entry of default, defendants' motion to quash, and defendants' request for the Court to set aside its finding are now before the Court.

## II. REQUEST FOR ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

///

---

[1] Plaintiff spelled this defendant's name as "Barbra DeVine" in the Complaint. (Cmpl., Doc. 1 at 4.) Defendants spell this defendant's name as "Barbara Devine." (Doc. 17 at 1.) The Court uses the spelling given by defendants.

[2] Defendant Linda Fields has not appeared in this action.

[3] On September 12, 2011, the Court dismissed all remaining claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 30.)

[4] Defendant Ahlin was dismissed from this action on September 12, 2011. Id.

1  Before a default will be entered, the court clerk must be satisfied from Plaintiff's request and
2  accompanying documentation that (1) defendant has been served with the summons (or has agreed
3  to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed
4  to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an
5  incompetent person. Fed. R. Civ. P. 55(b)(1); see First American Bank, N.A. v. United Equity Corp.
6  89 F.R.D. 81, 86 (D.C.D.C. 1981).

7  Plaintiff argues that default should be entered against defendant Fields because defendant
8  Fields has not responded to the complaint as required by Federal Rule of Civil Procedure 12(a), and
9  counsel for defendants does not represent defendant Fields in this action.

10  In opposition, defendants argue that defendant Fields was not properly served. Defendants
11  acknowledge that the Marshal served the complaint on defendant Fields by leaving it with Melica
12  Villalobos, litigation coordinator for CSH, on April 6, 2011. However, defendants provide evidence
13  that the litigation coordinator was not authorized to accept service for defendant Fields. The
14  litigation coordinator was only authorized to accept service for current employees of CSH, and she
15  erroneously accepted service for defendant Fields, who has not been employed by CSH since April
16  30, 2009. (Declaration of Melica Villalobos, Doc. 27-2 at ¶¶2-5.) Moreover, counsel for defendants,
17  Deputy California Attorney General ("DAG") Lisa A. Tillman ("Counsel"), does not have any means
18  of contacting defendant Fields to obtain authorization to represent her. (Declaration of Lisa Tillman,
19  Doc. 27-1.) Counsel sent a letter to defendant Fields at Fields' last known address, but the mail was
20  returned unopened with a postal service notation on the envelope that she had moved and left no
21  forwarding address. Id. Defendants request the Court to quash the service and set aside the Court's
22  finding that defendant Fields has been served.

23  In reply, Plaintiff argues that the Attorney General's Office lacks authority to oppose the
24  motion for default because the Attorney General does not represent defendant Fields. Plaintiff
25  requests the Court to direct the Marshal to take legal action against DAG Lisa Tillman and Melica
26  Villalobos for withholding information concerning defendant Fields, and to notify the American Bar
27  Association. Plaintiff also requests the Court to remove the Attorney General as counsel for
28  ///

1  defendants Ahlin and Devine, arguing that a conflict of interest exists because the Attorney General
2  is obligated to prosecute offenders of state laws and defend those same offenders at the same time.
3       Plaintiff relies on the court record in his assertion that defendant Fields has not replied to the
4  complaint in accordance with Rule 12(a).  The return of service filed by the United States Marshal
5  ("Marshal") shows that on September 23, 2010, the Marshal sent a Waiver of Service form on behalf
6  of Plaintiff to defendant Fields.  (See Doc. 24.)  By March 14, 2011, the Waiver of Service form had
7  not been returned by defendant Fields.  Id.  On April 6, 2011, the Marshal personally served
8  defendant Fields at CSH via Litigation Coordinator Melica Villalobos.  Id.  On April 14, 2011, the
9  Marshal filed the return of service with the Court.  (Doc. 24.)  To date, defendant Fields has not
10 appeared in this action.  (Court Record.)  Therefore, more than twenty-one days have passed since
11 the April 6, 2011 date of personal service reported by the Marshal, exceeding the time allowed Rule
12 12, indicating that defendant Fields failed to respond to service.  However, Plaintiff has not refuted
13 defendants' evidence that defendant Fields was not properly served because service was accepted
14 by the litigation coordinator who was not authorized to accept service defendant Fields.  Plaintiff has
15 not met his burden of proving that defendant Fields was properly served with the summons or agreed
16 to waive service.  Therefore, Plaintiff is not entitled to entry of default against defendant Fields.
17      With respect to Plaintiff's arguments regarding the authority of the Attorney General's Office
18 and the handling of information by Counsel and the litigation coordinator, Plaintiff may not raise
19 new issues in his reply to defendants' opposition to the motion for default.  The Court shall not
20 consider such arguments without an opportunity for opposition by defendants.

**III.   MOTION TO QUASH AND REQUEST TO SET ASIDE FINDING**

22      Defendants bring a motion to quash service of the summons upon defendant Fields.
23 Defendants also request the Court to set aside the Court's finding, in the Findings and
24 Recommendations entered on July 12, 2011, that defendant Fields was served with process.
25      If service of process is found to be insufficient, the district court has discretion to dismiss an
26 action or to quash service.  Fed. R. Civ. P. 4; S. J. V. Issaquah School Dist. No. 411, 470 F.3d 1288,
27 1293 (9th Cir. 2006); Thomas v. Furness Pac. Ltd., 171 F.2d 434, 435 (9th Cir. 1949) (where

4

undisputed proof shows that the person on whom process was served was not an officer, agent or general manager of defendant, and was not authorized to receive service of process issued against such defendant, a motion to quash service of summons was properly granted.)  A defendant's affirmative actions, which frustrate service, may constitute good cause for failure to effect timely service, especially where the plaintiff is proceeding pro se.  Williams-Guice v. Board of Educ., 45 F.3d 161, 164 (7th Cir.1995); McGuckin v. Smith, 974 F.2d 1050, 1058 (9th Cir.1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1135 (9th Cir.1997).

Based on defendants' undisputed evidence that defendant Fields was not properly served because the litigation coordinator was not authorized to accept service on behalf of defendant Fields, as discussed above, defendants' motion to quash shall be granted, and the Court shall set aside its finding that defendant Fields was served with process.  Good cause appearing, Plaintiff shall be granted additional time to effect service upon defendant Fields.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for entry of default against defendant Fields is DENIED;
2. Defendants' motion to quash service upon defendant Fields is GRANTED;
3. The Court's finding that defendant Fields was served with process, written in the findings and recommendations of July 12, 2011, is SET ASIDE; and
4. Good cause appearing, Plaintiff is GRANTED additional time to effect service upon defendant Fields.

IT IS SO ORDERED.

**Dated:   September 28, 2011**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

5