1

2

3

4

5

6

7

8           IN THE UNITED STATES DISTRICT COURT FOR THE

9                 EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD S. KINDRED,              1:08-cv-01321-AWI-GSA-PC

12              Plaintiff,            ORDER GRANTING DEFENDANT'S MOTION
                                      AND EXTENDING DEADLINES FOR ALL
13        vs.                         PARTIES TO THIS ACTION
                                      (Doc. 44.)
14   CALIFORNIA DEPARTMENT
     OF MENTAL HEALTH, et al.,        New Discovery Cut-Off Date:      10/15/2012
15
                                      New Dispositive Motion Deadline:  12/17/2012
16              Defendants.

17   _____/

18        Plaintiff is a civil detainee proceeding pro se in this civil rights action pursuant to 42

19   U.S.C. § 1983.  This case is presently in the discovery phase.

20        On May 29, 2012, defendant Devine ("Defendant") filed a motion for stay of the

21   discovery schedule for this action, or in the alternative, for modification of the Court's

22   scheduling order.  (Doc. 44.)  Specifically, Defendant requests additional time to conduct

23   discovery, in light of the fact that service upon one of the defendants is currently pending.

24        Modification of the Court's scheduling order requires a showing of good cause, Fed. R.

25   Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth

26   Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking

27

28                                    1

the modification of a scheduling order must generally show that even with the exercise of due

diligence, they cannot meet the requirement of the order.  Id.   A party may obtain relief from

the court's deadline date for discovery by demonstrating good cause for allowing further

discovery.  Fed. R. Civ. P. 16(b)(4).

The Court issued a scheduling order on October 20, 2011, establishing a deadline of

June 20, 2011 for the parties to complete discovery.  (Doc. 38.)  Defendant argues that

discovery should be stayed or extended, because service upon one of the defendants is currently

pending, and it is in the interest of judicial economy to coordinate the discovery and dispositive

motion deadlines for each defendant.  Counsel for Defendant asserts that she canceled the

deposition scheduled for Plaintiff in anticipation that counsel could represent both defendants at

a rescheduled deposition after service is completed, rather than conduct two separate

depositions.  (Declaration of Lisa Tillman, Doc. 44-1 at ¶¶4-7.)  Counsel also asserts that due to

her busy schedule, she is unable to complete discovery in this matter by the current deadline.

(Id. at ¶¶8-11.)

Defendant has have presented good cause for extending the discovery deadline. Good

cause appearing, the deadline for completion of all discovery, including the filing of motions to

compel, shall be extended for all parties to this action to **October 15, 2012**.   In light of this

extension, the deadline for filing pretrial dispositive motions shall also be extended for all

parties to this action to **December 17, 2012**.  The parties are advised to refer back to the

Court's scheduling order of October 20, 2011, for instruction about conducting discovery.

(Doc. 38.)  All other provisions of the Court's scheduling order shall remain the same.

Accordingly, IT IS HEREBY ORDERED that:

1.    Defendant's motion to modify the Court's scheduling order of October 20, 2011,
      is GRANTED for all parties to this action;

2.    All discovery, including the filing of motions to compel, formerly to be
      completed by June 20, 2012, shall be completed by **October 15, 2012**;

3.    The deadline for serving and filing pre-trial dispositive motions, formerly August 30, 2012, is extended to **December 17, 2012**; and

4.    All other provisions of the Court's scheduling order remain the same.

IT IS SO ORDERED.

**Dated:**    **May 30, 2012**                 **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

3