# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KINDRED, | 1:08-cv-01321-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY AGAINST DEFENDANTS DEVINE AND FIELDS, UNDER 42 U.S.C. SECTION 1983, ON PLAINTIFF'S FIRST AMENDMENT CLAIM FOR MONETARY DAMAGES, AND ALL REMAINING CLAIMS BE DISMISSED FROM THIS ACTION |
| vs. | |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al., | |
| Defendants. | OBJECTIONS, IF ANY, DUE IN 30 DAYS |

Plaintiff is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 5, 2005. (Doc. 1.) The Complaint names California Department of Mental Health, Stephen Mayberg, Cynthia Radavsky, Linda Clark, Barbra Devine, Pam Ahlin, and Linda Fields as defendants, and claims that defendants infringed on Plaintiff's right to the free exercise of his religious beliefs.

The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and entered an order on June 17, 2010, finding that it stated cognizable claims for relief under section 1983 against defendants Devine, Ahlin, and Fields for violations of the First Amendment and RLUIPA. (Doc. 7.) Plaintiff was directed to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable by the Court. Id. On June 24, 2010, Plaintiff filed written notice that

he did not wish to amend the Complaint and was willing to proceed on the cognizable claims. (Doc. 8.) On July 22, 2010, the Court dismissed defendants California Department of Mental Health, Mayberg, Radavsky, and Clark, and Plaintiff's supervisory liability claim against defendant Ahlin, based on Plaintiff's failure to state a claim. (Doc. 9.) Thus, the case proceeded against defendants Devine, Ahlin, and Fields, for violations of the First Amendment and RLUIPA.

On December 15, 2010, defendants Ahlin and Devine filed a motion to dismiss. (Doc. 17.) On September 12, 2011, the Court granted the motion to dismiss, dismissing defendant Ahlin, Plaintiff's individual capacity RLUIPA claims, and official capacity RLUIPA claims against defendant Devine, for failure to state a claim, without leave to amend. (Doc. 30.) The Court *sua sponte* re-screened the Complaint and dismissed Plaintiff's remaining RLUIPA claims, official capacity claims, and claims for declaratory relief, with leave to either file an amended complaint or notify the Court he was willing to proceed only against defendant Devine and Fields on the claims found cognizable by the Court. Id. On September 21, 2011, Plaintiff notified the Court that he did not wish to file an amended complaint and was instead willing to proceed only against defendants Devine and Fields under § 1983 for damages, for the violation of his First Amendment rights to freely exercise his religion. (Doc. 31.)

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed only against defendants Devine and Fields under § 1983 for damages, for the violation of Plaintiff's First Amendment rights to freely exercise his religion; and

2. All remaining claims be dismissed from this action;

3. Plaintiff's remaining RLUIPA claims, official capacity claims, and claims for declaratory relief be dismissed from this action for failure to state a claim.[1]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with

---

[1] As discussed in this order, defendants California Department of Mental Health, Stephen Mayberg, Cynthia Radavsky, Linda Clark, and Pam Ahlin, and some of Plaintiff's RLUIPA and official capacity claims were previously dismissed from this action. (Docs. 9, 30.)

1  the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendations." Plaintiff is advised that failure to file objections within the specified time may
3  waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5    IT IS SO ORDERED.
6    Dated:   **September 26, 2012**            /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE