# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF<br>MENTAL HEALTH, et al.,<br><br>　　　　　Defendants. | 1:08-cv-01321-AWI-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S<br>REQUEST FOR ENTRY OF DEFAULT<br>AGAINST DEFENDANT LINDA FIELDS<br>(Doc. 52.) |

**I.   BACKGROUND**

Richard S. Kindred ("Plaintiff"), a civil detainee presently detained at Coalinga State Hospital ("CSH"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 5, 2008. (Doc. 1.) This action now proceeds on Plaintiff's original Complaint against defendants Barbara Devine[1] and Linda Fields, for the violation of Plaintiff's rights to freely exercise his religion under the First Amendment.[2] Id.

---

[1] Plaintiff spelled this defendant's name "Barbra DeVine" in the Complaint. (Cmpl., Doc. 1 at 4.) Defendants have corrected the spelling to "Barbara Devine." (Doc. 17 at 1.)

[2] On September 12, 2011, the Court dismissed all remaining claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 30.)

1

On September 10, 2012, Plaintiff filed a request for entry of default against defendant Linda Fields. (Doc. 52.)

## II.  REQUEST FOR ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d).

Before a default will be entered, the court clerk must be satisfied from Plaintiff's request and accompanying documentation that (1) defendant has been served with the summons (or has agreed to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1); see First American Bank, N.A. v. United Equity Corp. 89 F.R.D. 81, 86 (D.C.D.C. 1981).

Plaintiff argues that default should be entered against defendant Linda Fields because "defendant Fields was served according to the United States Marshals via mail service on October 5, 2011, and as of March 22, 2012, the United States Marshals have not received waiver of service returned." Motion, Doc. 52 at 2.

Plaintiff relies on the Marshal's remarks written at the bottom of the USM-285 form filed on April 19, 2012: "10/5/11 mailed. 3/22/12 waiver not ret'd." (Doc. 41.) However, this form does not show that defendant Fields was served with the summons or agreed to waive service. In fact, the Marshal checked the box on the form indicating, "I hereby certify and return that *I am unable to locate the individual* . . . named above" and made additional remarks stating, "[L]itigation coordinator at CSH stated Mrs. Fields hasn't worked at the hospital in about 3 years and *doesn't know where she is currently working*." Id. (emphasis added.)

2

Moreover, on April 24, 2012, the Court entered an order directing the Marshal to make another attempt to serve defendant Fields, using the assistance of the California Department of Mental Health. (Doc. 43.) To date, no return of service has been received by the Court pursuant to the Court's order, and defendant Fields has not appeared in this action. Thus, the Court has no evidence that defendant Linda Fields has been served or agreed to waive service and therefore, Plaintiff's request for entry of default must be denied.

**III.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's request for entry of default against defendant Linda Fields, filed on September 10, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **October 3, 2012**            /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE