IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KINDRED,<br><br>         Plaintiff,<br><br>vs.<br><br>CALIFORNIA DEPARTMENT<br>OF MENTAL HEALTH, et al.,<br><br>         Defendants.<br>_____/ | 1:08-cv-01321-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANT DEVINE'S MOTION FOR MODIFICATION OF THE SCHEDULING ORDER<br>(Doc. 57.)<br><br>ORDER EXTENDING DEADLINES FOR ALL PARTIES TO THIS ACTION<br><br>**NEW DEADLINES:**<br><br>Unenumerated Rule 12(b) Motion Deadline: 02/10/2013<br>Deadline to Amend Pleadings:   06/11/2013<br>Discovery Cut-Off Date:            08/10/2013<br>Dispositive Motions Deadline:   10/10/2013 |

**I.    BACKGROUND**

Plaintiff is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 5, 2008. (Doc. 1.) This action now proceeds on Plaintiff's original Complaint against defendants Barbara Devine[1] and Linda Fields, for the violation of Plaintiff's rights to freely exercise his religion under the First Amendment.[2]  Id.  On October 4, 2012, defendant Devine filed a motion to stay the deadlines in the Court's Scheduling Order, or in the alternative, to modify the Scheduling Order. (Doc. 57.)

///

---

[1] Plaintiff spelled this defendant's name "Barbra DeVine" in the Complaint. (Cmpl., Doc. 1 at 4.) Defendants have corrected the spelling to "Barbara Devine." (Doc. 17 at 1.)

[2] On September 12, 2011, the Court dismissed all remaining claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 30.)

1

## II.   MOTION TO STAY

Defendant Devine requests a stay of the deadlines in the Court's Scheduling Order until after service of process has been accomplished upon defendant Linda Fields.  Defendant Linda Fields filed an answer in this action on October 8, 2012.  (Doc. 60.)  As a result of this filing, defendant Devine's motion for stay is moot and shall be denied as such.

## III.   MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery.  Fed. R. Civ. P. 16(b)(4).

Defendant Devine requests an extension of the deadlines in the Court's Scheduling Order to allow time for discovery by defendant Fields upon her entry into the action and to provide discovery and motion deadlines common to all defendants.  Defense counsel seeks an extension of the deadlines for all defendants in the interest in judicial economy, to avoid multiple depositions of Plaintiff and to allow for coordination of discovery and pretrial motions.

The Court issued a Scheduling Order for this action on October 20, 2011, commencing discovery and establishing deadlines to amend pleadings and file pretrial dispositive motions.  (Doc. 38.)  On May 30, 2012, the Court extended the deadlines for discovery and to file pretrial motions.  (Doc. 45.)  To date, all of the pretrial deadlines, except the deadline for filing dispositive motions, have expired.  At the time defendant Devine filed the present motion to modify the

Scheduling Order, defendant Linda Fields had not been served with process or appeared in this action. Now, defendant Fields has made an appearance by an answer filed on November 8, 2012. (Doc. 60.) Defendant Fields and Plaintiff are entitled to conduct discovery at this stage of the proceedings. Fed. R. Civ. P. 26. Good cause appearing, the Court shall re-open the discovery phase and establish new pretrial deadlines for all parties to this action. Therefore, Defendant Devine's motion to modify the Scheduling Order shall be granted.

## IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Devine's motion to stay pretrial deadlines in this action is DENIED as moot;
2. Defendant Devine's motion to modify the Court's Scheduling Order is GRANTED;
3. The deadlines established by the Court's Scheduling Order, issued on October 20, 2011, are extended for all parties to this action;
4. The deadline for filing motions to dismiss for failure to exhaust the administrative remedies pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) is extended to **February 10, 2013**;
5. The deadline for amending the pleadings is extended to **June 11, 2013**;
6. The deadline for all discovery to be completed, including the filing of motions to compel, is extended to **August 10, 2013**;
8. The deadline for serving and filing pre-trial dispositive motions, is extended to **October 10, 2013**; and
9. All other provisions of the Court's Scheduling Order of October 20, 2011, remain the same.

IT IS SO ORDERED.

Dated:   **November 9, 2012**           /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

3