# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED, | 1:08-cv-01321-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S FIRST MOTION TO COMPEL AS MOOT |
| vs. | (Doc. 48.) |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al., | |
| Defendants. | |

**I.  RELEVANT PROCEDURAL HISTORY**

Plaintiff is a civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 5, 2008. (Doc. 1.) This case now proceeds on the original Complaint, against defendants Barbara Devine and Linda Fields, for money damages, for the violation of Plaintiff's rights to freely exercise his religion under the First Amendment.[1]

On October 20, 2011, the Court issued a Scheduling Order establishing a deadline of June 20, 2012, for the parties to complete discovery, including the filing of motions to compel. (Doc. 38.) On May 30, 2012, the Court issued an order extending the discovery deadline to October 14, 2012.[2]

---

[1] On July 22, 2010, the Court dismissed defendants Department of Mental Health, Mayberg, Radavsky, and Clark, and Plaintiff's supervisory liability claim, based on Plaintiff's failure to state a claim. (Doc. 9.) On September 12, 2011, the Court dismissed defendant Ahlin, Plaintiff's RLUIPA claims, official capacity claims, and claims for declaratory relief, via Defendants' motion to dismiss and for failure to state a claim, with leave to amend. (Doc. 30.) On September 21, 2011, Plaintiff notified the Court of his intent to proceed with the original Complaint against only defendants Devine and Fields, for money damages, on Plaintiff's First Amendment claim. (Doc. 31.)

[2] On November 13, 2012, the Court extended all of the deadlines in the Scheduling Order. (Doc. 61.) Presently, the deadline for the parties to complete discovery, including the filing of motions to compel, is August 10, 2013. Id.

1  (Doc. 45.) On July 20, 2012 and August 20, 2012, Plaintiff filed motions to compel defendant Devine
2  ("Defendant") to produce documents. (Docs. 48, 49.) On September 20, 2012, Defendant filed an
3  opposition to the motions. (Doc. 53.) On October 1, 2012, Plaintiff filed a reply to Defendant's
4  opposition to Plaintiff's second motion to compel. (Doc. 55.)

5  Plaintiff's first motion to compel, filed on July 20, 2012, is now before the Court.[3]

**II.  MOTION TO COMPEL**

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

**A.  Plaintiff's First Motion to Compel**

Plaintiff seeks an order compelling Defendant to produce documents in response to Plaintiff's Request for Production of Documents, Set One. Plaintiff declares that on May 9, 2012, he served his Request for Production of Documents, Set One, upon Defendant. (Declaration of Richard Kindred ("Kindred Decl."), Doc. 48 at 1 and Exh. 1.) As of July 17, 2012, Plaintiff had not received a response to the Request. (Kindred Decl. at 1.) Plaintiff asserts that the proper time to respond is 30 days. (Kindred Decl. at 2.)

In opposition, Defendant claims that she timely responded to Plaintiff's Request for Production of Documents, but because Plaintiff's address had changed, Plaintiff apparently did not receive the response. Defendant asserts that Plaintiff propounded his Request for Production of

---

[3] Plaintiff also filed a third motion to compel on November 1, 2012. (Doc. 58.) Plaintiff's second and third motions to compel shall be addressed by separate orders.

Documents, Set One, on May 14, 2012, and Defendant provided a written response on June 28, 2012. (Declaration of Lisa Tillman ("Tillman Decl."), Doc. 53-1 ¶2.) On July 29, 2012, after receiving Plaintiff's motion to compel with notice of Plaintiff's new address, Defendant sent Plaintiff a copy of the June 28, 2012 response at his new address. (Tillman Decl. ¶4.) On August 6, 2012, Defendant produced documents in response to Plaintiff's Request number 3.  (Tillman Decl. ¶5.)

**B.    Discussion**

Plaintiff is mistaken in his belief that Defendant had only 30 days to respond to the discovery requests.  The Court's Scheduling Order of October 20, 2011 informed the parties that "[r]esponses to written discovery requests shall be due forty-five (45) days after the request is first served." (Doc. 38 ¶2.)

Plaintiff's evidence shows that he served his Request for Production of Documents, Set One, upon Defendant on May 14, 2012. (Pltf's Opp'n, Doc. 48 at 9.)  Thus, Defendant's response was due forty-five days after May 14, 2012, or on June 28, 2012.

Defendant's evidence shows that defense counsel's office provided a timely written response on June 28, 2012, but apparently mailed the response to Plaintiff's former address.  (Tillman Decl. ¶5.) Defendant re-served the response at Plaintiff's current address on July 29, 2012. (Tillman Decl. ¶5.) Plaintiff does not dispute that he has now received all of Defendant's responses to his Request for Production of Documents, Set One.  In fact, Plaintiff objects to the content of Defendant's responses in his second motion to compel filed on August 20, 2012. (Doc. 49.) Therefore, Plaintiff's first motion to compel is moot and shall be denied as such.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on July 20, 2012, is DENIED as moot.


IT IS SO ORDERED.

Dated:    **February 27, 2013**            **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE