# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED, | 1:08-cv-01321-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS |
| vs. | (Doc. 49.) |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al., | |
| Defendants. | |

**I.     RELEVANT PROCEDURAL HISTORY**

Richard S. Kindred ("Plaintiff"), a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 5, 2008. (Doc. 1.) This case now proceeds on the original Complaint, against defendants Barbara Devine and Linda Fields, for money damages, for the violation of Plaintiff's rights to freely exercise his religion under the First Amendment.[1]

///

---

[1] On July 22, 2010, the Court dismissed defendants Department of Mental Health, Mayberg, Radavsky, and Clark, and Plaintiff's supervisory liability claim, based on Plaintiff's failure to state a claim. (Doc. 9.) On September 12, 2011, the Court dismissed defendant Ahlin, Plaintiff's RLUIPA claims, official capacity claims, and claims for declaratory relief, via Defendants' motion to dismiss and for failure to state a claim, with leave to amend. (Doc. 30.) On September 21, 2011, Plaintiff notified the Court of his intent to proceed with the original Complaint against only defendants Devine and Fields, for money damages, on Plaintiff's First Amendment claim. (Doc. 31.)

1

On October 20, 2011, the Court issued a Scheduling Order establishing a deadline of June 20, 2012, for the parties to complete discovery, including the filing of motions to compel. (Doc. 38.) On May 30, 2012, the Court issued an order extending the discovery deadline to October 15, 2012. (Doc. 45.) On August 20, 2012, Plaintiff filed a second motion to compel production of documents from defendant Devine ("Defendant").² (Doc. 49.) On September 20, 2012, Defendant filed an opposition to the motion. (Doc. 53.) Plaintiff's second motion to compel is now before the Court.

## II.     PLAINTIFF'S ALLEGATIONS AND CLAIMS

### A.     Plaintiff's Allegations against defendants Devine and Fields

At the time of the events at issue, Plaintiff was housed at CSH, defendant Barbara Devine was the Program Director for Program One at CSH, and defendant Linda Fields was a member of the Level of Care Staff at CSH. Plaintiff alleges that defendant Devine denied him permission "to order a prayer rug, even though [prayer rugs] are not considered contraband by the hospital and other patients at the hospital have them." (Cmpl., Doc. 1 at 3-4 ¶IV.) Plaintiff alleges that "this action [permission to order prayer rug] was denied by defendant Barbra DeVine, who was the Program Director for Program One." Id. at 4. Plaintiff also claims that one of his spiritual books was damaged, alleging that "this was done by defendant Linda Fields, level of care staff and fully supported by her supervisors, who as of date have not taken any action to replace or compensate plaintiff for the cost of the book." Id.

### B.     Plaintiff's First Amendment Claim - Civil Detainee

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). "Under the Constitution, 'reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments.'" Pierce v. County of Orange, 526

---

² Plaintiff's first motion to compel, filed on July 20, 2012, was denied as moot by the Court on February 27, 2013. (Docs. 48, 64.) Plaintiff also filed a third motion to compel on November 1, 2012, which shall be addressed by separate order. (Doc. 58.)

2

F.3d 1190, 1209 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079 (1972) (addressing the rights of convicted prisoners)). "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process . . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). "However, as with other First Amendment rights in the inmate context, detainees' rights may be limited or retracted if required to 'maintain [ ] institutional security and preserv[e] internal order and discipline.' " Pierce, 526 F.3d at 1209 (quoting Bell v. Wolfish, 441 U.S. 520, 549, 99 S.Ct. 1861 (1979); citing see, e.g., Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997)).

"Restrictions on access to 'religious opportunities' . . . must be found reasonable in light of four factors: (1) whether there is a 'valid, rational connection' between the regulation and a legitimate government interest put forward to justify it; (2) 'whether there are alternative means of exercising the right that remain open to prison inmates;' (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation)." Pierce, 526 F.3d at 1209 (quoting Turner v. Safley, 482 U.S. 78, 89-90, 107 S.Ct. 2254 (1987); citing see also Beard v. Banks, 548 U.S. 521, 126 S.Ct. 2572 (2006); and citing Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir.1999) (en banc)). "Further, [when] dealing with [civil] detainees, to satisfy substantive due process requirements the restriction or regulation cannot be intended to serve a punitive interest." Pierce, 526 F.3d at 1209 (citing Bell, 441 U.S. at 535, 99 S.Ct. 1861).

## III. MOTION TO COMPEL

### A. Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to

the subject matter involved in the action.³ Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

///

---

³ "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

4

A. **Plaintiff's Second Motion to Compel**

Plaintiff seeks an order compelling Defendant to produce documents in response to Plaintiff's Request for Production of Documents, Set One, Nos. 1, 2, 3, 5, and 6.

Defendant argues that because she has produced non-privileged documents in response to Kindred's Request, and Plaintiff has access to a law library for other sought documents, the motion to compel should be denied. Plaintiff propounded the Request upon Defendant on May 14, 2012, and Defendant provided a written response on June 28, 2012. (Declaration of Lisa Tillman ("Tillman Decl.") ¶2.) On September 20, 2012, Defendant produced additional documents in response to Plaintiff's Requests No. 1 and 3. (Id. ¶¶6, 7.)

The Court shall separately address each of the Requests at issue.

> **REQUEST FOR PRODUCTION (RFP) NO. 1:**

> Produce any and all documents submitted to Ms. M. Joya, then Unit Supervisor of Unit 11 and/or Ms. Barbara Devine, the Program Director of Program 1, from January 1, 2008, to December 31, 2008, to request to order a prayer rug.

> **RESPONSE TO RFP NO. 1:**

> Objections: attorney client privilege, attorney work product privilege, vague, ambiguous, equally available to plaintiff, deliberative process privilege, compound, and, to the extent this request seeks the documents, if any, submitted by other patients, the statutory and constitutional right to privacy.

> Without waiving said objections, responding party identifies the documents presented by plaintiff and attached to his complaint, dated September 2008, in this matter:

> Complaint form, dated November 10, 2007, C000543-90 (Complaint, p. 6 of 21)

> Memorandum from Protection and Advocacy Inc., dated December 4, 2007 (Complaint, p. 7 of 21)

///

1  Memorandum from Plaintiff to Norm Kramer, dated December 12, 2007
2  (Complaint, p. 9 of 21)
3  Memorandum from Plaintiff to Norm Kramer, dated December 30, 2007
4  (Complaint, p. 11 of 21)
5  Memorandum from Protection and Advocacy Inc., dated March 4, 2008
6  (Complaint, p. 12 of 21)
7  Memorandum from Plaintiff to Pamela Ahlin, dated April 8, 2008 (Complaint,
8  p. 13 of 21)
9  Memorandum from Protection and Advocacy Inc., dated April 28, 2008
10 (Complaint, p. 14 of 21)
11 Letter from Pamela Ahlin to Kindred, dated April 18, 2008 (Complaint, p. 16
12 of 21)
13 Letter from Kindred to Pamela Ahlin, dated May 15, 2008 (Complaint, p. 17
14 of 21)
15 Letter from Kindred to Department of Mental Health ("DMH") Office of
16 Human Rights, dated May 26, 2008 (Complaint, p. 18 of 21)
17 Letter from DMH Office of Human Rights to Kindred, dated June 5, 2008
18 (Complaint, p. 21 of 21)

19  >  **EXCERPTED SUPPLEMENTAL RESPONSE TO RFP NO. 1 [OBJECTIONS**
20     **OMITTED]:**
21     1.  Letter dated September 16, 2008 from Pam Ahlin to Kindred in response to
22         first level appeal regarding rug and stuffed animal.
23     2.  Letter dated August 29, 2008 from Kindred to Pamela Ahlin stating first level
24         appeal of complaint number 884182.
25     3.  Complaint form dated August 14, 2008, regarding stuffed animal and three
26         DVDs;
27 ///
28

6

|     |     |                                                                                   |
| --- | --- | --------------------------------------------------------------------------------- |
| 1   | 4.  | Protection and Advocacy Inc. memorandum, dated August 19, 2008, to                |
| 2   |     | Kindred regarding stuffed animal and DVDs.                                        |
| 3   | 5.  | Protection and Advocacy Inc. memorandum, dated July 1, 2008, to Jim Hurst,        |
| 4   |     | Program Director, regarding stuffed animal.                                       |
| 5   | 6.  | Letter dated July 30, 2008 from Pam Ahlin to Daniel Wagoner, Patients'            |
| 6   |     | Rights Advocate, regarding denial of stuffed animal, DVD, and prayer rug.         |

**Arguments**

In response to Defendant's objections, Plaintiff asserts that he is only requesting documents dealing with Plaintiff and not other individuals, and these documents are not attorney privileged or attorney work product, but are the result of the regular course of business. Plaintiff also responds that e-mails between Defendant and Plaintiff's Unit Supervisor are not available to Plaintiff.

Defendant responds that she identified those non-privileged documents requested by Plaintiff, such as the attachments to Plaintiff's Complaint and the correspondence between DMH and Plaintiff concerning possession of a prayer rug. Defendant also responds that she is retired from state service and does not have possession, custody, or control of any e-mails or other writings responsive to Request No. 1. (Tillman Decl. ¶6.) Defendant has made a good faith and diligent request for such documents from DMH via its litigation coordinator and been told none exist. (Id.)

Plaintiff states that he will not reply further to Defendant regarding RFP No. 1.

**Discussion**

Defendant asserts that she is retired from state service. Therefore, she lacks any access whatsoever to the documents Plaintiff seeks. Moreover, Defendant's objection that the documents are equally available to Plaintiff is sustained. Therefore, Defendant is not required to make any further response to RFP No. 1.

> **RFP NO. 2:**

Produce all documents, e.g. emails, memorandums, etc. wherein the topic of discussion was plaintiff being denied the purchase of prayer rug and/or plaintiff during January 1, 2008 to December 31, 2008 concerning the complaint filed concerning plaintiff's property that he was being denied.

7

> **RESPONSE TO RFP NO. 2:**

Objections: attorney client privilege, attorney work product privilege, vague, ambiguous, deliberative process privilege, compound.

Without waiving said objections, responding party identifies the documents presented by plaintiff and attached to his complaint in this matter (see list stated in response to request for production number one).

**Arguments**

In response to Defendant's objections, Plaintiff argues that none of the documents requested in RFP No. 2 are subject to any privilege.

Defendant responds that she is retired from state service and does not have possession, custody, or control of any e-mails or other writings responsive to Request No. 2. (Tillman Decl. ¶6.) Defendant has made a good faith and diligent request for such documents from DMH via its litigation coordinator and been told none exist. (Id.)

Plaintiff states that he will not reply further to Defendant regarding RFP No. 2.

**Discussion**

Defendant asserts that she is retired from state service. Therefore, she lacks any access whatsoever to the documents Plaintiff seeks. Moreover, Defendant's objection on the ground that the documents are equally available to Plaintiff is sustained. Therefore, Defendant is not required to make any further response to RFP No. 2.

> **RFP NO. 3:**

Produce all administrative directives, internal management directives, memorandums and any emails where the topic is related to patients' property including:

A.D.170, program administration,

A.D. 178, organizations ethics,

A.D. 202, hospital committees,

A.D. 230, contraband committee,

A.D. 254, documentation committee,

1       A.D. 258, property survey committee,

2       A.D. 326, fire inspections,

3       A.D. 589, documentation requirements,

4       A.D. 590, documentation standards,

5       A.D. 606, complaint procedure individuals,

6       A.D. 610, procedure for documentation of denial of rights,

7       A.D. 624, individuals' mail and packages (in use in 2008), and IMD 624 (one presently

8  being used after A.D. 624 was ordered to be no longer useable),

9       A.D. 754, space allocation/furniture and equipment,

10      A.D. 818, contraband (including Attachment A that was in use during 2008-2010), and

11      A.D. 909, discrimination policy.

12      >       **RESPONSE TO RFP NO. 3:**

13      Objections: attorney client privilege, attorney work product privilege, vague, ambiguous,

14 deliberative process privilege, compound, overbroad.

15      Without waiving said objections, responding party states that A.D. 254 does not exist. The

16 remaining administrative directives will be produced.

17      *[These administrative directives, except AD 818 and AD 254, were produced on August 6,*

18 *2012.]*

19      >       **FURTHER RESPONSE TO RPF NO. 3 [OBJECTIONS OMITTED]:**

20      Further, A.D. 818 underwent revisions and those revised A.D. 818 are hereby produced with

21 bate numbers 000206 through 000293.

22      1. A.D. 818, effective date January 19, 2007, with attachment A dated January 19, 2007

23      2. A.D. 818, effective date July 12, 2007, with attachment A dated July 9, 2007

24      3. A.D. 818, effective date September 13, 2007, with attachment A dated July 9, 2007

25      4. A.D. 818, effective date August 1, 2008, with attachment A dated August 1, 2008

26      5. A.D. 818, revised date August 27, 2008, with attachment A dated August 27, 2008

27      6. A.D. 818, revised date August 27, 2008, with attachment A dated March 3, 2009

28

1          7. A.D. 818, revised date August 27, 2008, with attachment A dated April 1, 2009

2          8. A.D. 818, revised date August 27, 2008, with attachment A dated July 30, 2009

3     While not sought in this production, internal management directive 651, effective date
4 November 2011, batestamped 000200 through 000205, was produced in response to the request
5 made in Plaintiff's motion to compel.

6     **Arguments**

7     In response to Defendant's objections, Plaintiff asserts that none of the documents requested
8 in RFP No. 3 are subject to any privilege. In addition to those A.D.'s provided, Plaintiff also requests
9 the following documents:

10         (1)     Internal management 651, and
11         (2)     A.D. 818 w. attachment A that was used during 2008-2010 (this document was not
12                 included in defendant's response even though it states that it [was.]

13    Defendant argues that her response to Plaintiff's RFP No. 3 was proper, because she provided
14 Plaintiff with the listed administrative directives except one that is not in existence. (Decl. Tillman
15 ¶7.) Defendant argues that Plaintiff's request, through his court filing, for the production of internal
16 management 651 should be denied as improperly made in a court motion or, in the alternative, moot
17 in light of its production. (Id.)

18    Plaintiff replies that as to A.D. 254, Defendant has stated that it does not exist, but then in the
19 next paragraph states that is was produced. Plaintiff asserts that A.D. 254 exists at CSH's Law
20 Library. Plaintiff also asserts that none of the A.D.'s are subject to any privilege, vague, ambiguous,
21 or overbroad.

22    **Discussion**

23    Plaintiff misreads Defendant's response to RFP No. 3. Defendant states that A.D. 254 does
24 not exist and that it was *not* produced. (Response, Doc. 53 at 6:1-4.) Defendant has now produced
25 all of the documents requested by Plaintiff in RFP No. 3, except A.D. 254. If, as Plaintiff asserts,
26 A.D. 254 exists at CSH's law library then Plaintiff has ready access to it and the Court shall not
27 require Defendant to produce A.D. 254 or Attachment A to A.D. 818 for Plaintiff, as these documents
28 ///

are equally accessible to Plaintiff.  Therefore, Defendant is not required to make any further response to RFP No. 3.

> **RFP NO. 4:**

Plaintiff has not requested a further response by Defendant to RFP No. 4.

> **RFP NO. 5:**

Produce all documents that deal with the treatment and welfare of individuals including but not limited to:

    A.D. 426, rehabilitation therapy and activity services;

    A.D. 434, active treatment interventions;

    A.D. 446, wellness and recovery planning team;

    A.D. 612, patients' rights, treatment related issues;

    A.D. 946, training;

    A.D. 947, career development programs

    A.D. 948, reasonable accommodation,

Department of Mental Health's Wellness and Recovery Manual for 2007, and any and all updated ones.

> **RESPONSE TO RFP NO. 5:**

Objections: attorney client privilege, attorney work product privilege, vague, ambiguous, deliberative process privilege, compound, not likely to lead to admissible evidence (the request is outside the parameters of the issues found viable by the Court's orders, dated July 22, 2012 and September 12, 2011).

Without waiving said objections, responding party states that the listed documents do not address the right to order and possess religious items, such as a prayer rug, and therefore the listed documents will not be produced.  Further, the listed A.D. 948 (reasonable accommodation) is numbered A.D. 984.

**Arguments**

In response to Defendant's objections, Plaintiff argues that the requested documents are not subject to any privilege or outside the scope of discovery.  Plaintiff asserts that he is looking for

11

1  evidence that the treatment team has the authority to allow the purchase of special items, since
2  defendant Devine told Plaintiff that his treatment team was required to request a special order
3  purchase form for Plaintiff to purchase the prayer rug and any other special purchases. Plaintiff also
4  makes an additional request for production of A.D. 426, A.D. 434, A.D. 446, A.D. 612, A.D. 984,
5  I.M.D. 820, the Updated Wellness and Recovery Manual (WRM) for 2010, and any other updates to
6  the WRM that have been made since 2010.
7      Defendant argues that the publications requested by Plaintiff, which address the therapeutic
8  milieu of Coalinga State Hospital are not relevant to Plaintiff's claim against Defendant in this action,
9  because Plaintiff's action does not address a right to a particular form of care of therapy, but rather
10 his First Amendment right to possess a prayer rug.
11     Plaintiff replies that the requested A.D.'s are relevant because A.D. 640 states that treatment
12 at Coalinga State Hospital requires recognition of an individual's spirituality, and the requested
13 A.D.'s may make mention of other similar requirements. With respect to Plaintiff's request for
14 updated versions of the WRM, Plaintiff states that he seeks the version published in 2011, and since
15 Defendant already produced the 2007 version, she should be able to produce the 2011 version.
16     **Discussion**
17     The documents requested do not address the right to order and possess religious items, such
18 as a prayer rug. Thus, they are not relevant to Plaintiff's claim against defendant Devine. Therefore,
19 Defendant is not required to make any further response to RFP No. 5.
20 >   **RFP NO. 6:**
21     All federal and state regulations, Government Codes and California Welfare and Institution
22 Codes related and/or used as authority to the requested documents in requests for production numbers
23 2 and 5.
24     >   **RESPONSE TO RFP NO. 6:**
25     Objections: overly burdensome, equally available to propounding party, attorney work product
26 privilege, vague, ambiguous, compound. No such documents will be produced.
27 ///
28 ///

**Arguments**

In response to Defendant's objections, Plaintiff argues that the requested documents are not subject to any attorney client work privilege or attorney work product privilege. Plaintiff argues that the documents are not equally available to him because he is not computer literate and the codes in CSH's law library are limited or outdated.

Defendant submits a declaration by the senior librarian at CSH which establishes that CSH has a law library which provides patients with access to an electronic legal database owned by Thomson Reuters which enables access to the documents requested by Plaintiff, and that the California state regulations, Government Code, and Welfare and Institution Code are available in hard copy form, per request. (Declaration of Ashwinder Tahim, Doc. 53-2 at ¶¶3-8.)

Plaintiff argues that Defendant should be compelled to produce the requested documents, even if they are available to Plaintiff at the law library, because Plaintiff is indigent and cannot afford the $.10-per-page copy costs at CSH.

**Discussion**

Defendant's objection on the ground that the documents requested are equally available to Plaintiff is sustained. Defendant has submitted evidence that Plaintiff has access to the requested documents at CSH's law library. (Declaration of Ashwinder Tahim, Doc. 53-2 at ¶¶3-8.) Defendant shall not be compelled to produce documents merely because Plaintiff is indigent or lacks computer skills. Therefore, Defendant is not required to make any further response to RFP No. 6.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's second motion to compel production of documents, filed on August 20, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **March 12, 2013**              /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE