UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED, | 1:08-cv-01321-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S THIRD MOTION TO COMPEL |
| vs. | (Doc. 58.) |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al., | ORDER CLOSING DISCOVERY |
| Defendants. | |

## I. BACKGROUND

Richard S. Kindred ("Plaintiff"), a civil detainee at Coalinga State Hospital ("CSH") in Coalinga, California, is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 5, 2008. (Doc. 1.) This case now proceeds on the original Complaint, against defendants Barbara Devine and Linda Fields, for money damages, for the violation of Plaintiff's rights to freely exercise his religion under the First Amendment.[1]

---

[1] On July 22, 2010, the Court dismissed defendants Department of Mental Health, Mayberg, Radavsky, and Clark, and Plaintiff's supervisory liability claim, based on Plaintiff's failure to state a claim. (Doc. 9.) On September 12, 2011, the Court dismissed defendant Ahlin, Plaintiff's RLUIPA claims, official capacity claims, and claims for declaratory relief, via Defendants' motion to dismiss and for failure to state a claim, with leave to amend. (Doc. 30.) On September 21, 2011, Plaintiff notified the Court of his intent to proceed with the original Complaint against only defendants Devine and Fields, for money damages, on Plaintiff's First Amendment claim. (Doc. 31.)

On October 20, 2011, the Court issued a Scheduling Order establishing a deadline of June 20, 2012, for the parties to complete discovery, including the filing of motions to compel. (Doc. 38.) On May 30, 2012, the Court issued an order extending the discovery deadline to October 15, 2012. (Doc. 45.) On November 13, 2012, the Court issued an order extending the discovery deadline to August 10, 2013. (Doc. 61.)

On November 1, 2012, Plaintiff filed a third motion to compel production of documents from defendant Devine ("Defendant").[2] (Doc. 49.) Defendant has not filed an opposition. Plaintiff's third motion to compel is now before the Court.

## II.    PLAINTIFF'S ALLEGATIONS AND CLAIMS

### A.    Plaintiff's Allegations against defendants Devine and Fields

At the time of the events at issue, Plaintiff was housed at CSH, defendant Barbara Devine was the Program Director for Program One at CSH, and defendant Linda Fields was a member of the Level of Care Staff at CSH. Plaintiff alleges that defendant Devine denied him permission "to order a prayer rug, even though [prayer rugs] are not considered contraband by the hospital and other patients at the hospital have them." (Cmpl., Doc. 1 at 3-4 ¶IV.) Plaintiff alleges that "this action [permission to order prayer rug] was denied by defendant Barbra [sic] DeVine [sic], who was the Program Director for Program One." Id. at 4. Plaintiff also claims that one of his spiritual books was damaged, alleging that "this was done by defendant Linda Fields, level of care staff and fully supported by her supervisors, who as of date have not taken any action to replace or compensate plaintiff for the cost of the book." Id.

### B.    Plaintiff's First Amendment Claim - Civil Detainee

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).

---

[2] Plaintiff's first motion to compel, filed on July 20, 2012, was denied as moot by the Court on February 27, 2013. (Docs. 48, 64.) Plaintiff's second motion to compel, filed on August 20, 2012, was denied on March 12, 2013. (Docs. 49, 65.)

"Under the Constitution, 'reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments.'" Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008) (quoting Cruz v. Beto, 405 U.S. 319, 322 n. 2, 92 S.Ct. 1079 (1972) (addressing the rights of convicted prisoners)). "[C]ivil detainees retain greater liberty protections than individuals detained under criminal process . . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). "However, as with other First Amendment rights in the inmate context, detainees' rights may be limited or retracted if required to 'maintain [ ] institutional security and preserv[e] internal order and discipline.' " Pierce, 526 F.3d at 1209 (quoting Bell v. Wolfish, 441 U.S. 520, 549, 99 S.Ct. 1861 (1979); citing see, e.g., Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997)).

"Restrictions on access to 'religious opportunities' . . . must be found reasonable in light of four factors: (1) whether there is a 'valid, rational connection' between the regulation and a legitimate government interest put forward to justify it; (2) 'whether there are alternative means of exercising the right that remain open to prison inmates;' (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation)." Pierce, 526 F.3d at 1209 (quoting Turner v. Safley, 482 U.S. 78, 89-90, 107 S.Ct. 2254 (1987); citing see also Beard v. Banks, 548 U.S. 521, 126 S.Ct. 2572 (2006); and citing Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir.1999) (en banc)). "Further, [when] dealing with [civil] detainees, to satisfy substantive due process requirements the restriction or regulation cannot be intended to serve a punitive interest." Pierce, 526 F.3d at 1209 (citing Bell, 441 U.S. at 535, 99 S.Ct. 1861).

### III. MOTION TO COMPEL

#### A. Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ─ including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons

who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.[3] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 81 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(E)(I).

Pursuant to Rule 37(a), a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.1992) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the

---

[3]"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

1 denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### A.     **Plaintiff's Third Motion to Compel**

On September 21, 2012, Plaintiff served his Request for Production of Documents, Set Two, on Defendant Devine. On October 26, 2012, Plaintiff received Defendant's Response to his Request for Production of Documents, Set Two. Plaintiff now seeks an order compelling Defendant Devine to produce documents in response to his Request for Production of Documents, Set Two, Nos. 1 through 7, as follows.

> **REQUEST FOR PRODUCTION (RFP), SET TWO, NO. 1:**

> Produce all Administrative Directives, Internal Management Directives, Special Orders wherein the topic is related to Ethics of Coalinga State Hospital and/or its Employees and those standards that Coalinga State Hospital and/or its Employees are to abide by including A.D. 101, Administrative Directives and the Reviewing Process; A.D. 218, Patient Care Policy Review Committee; A.D. 262, Nursing Policy and Procedure Committee; A.D. 644, Trust Office Functions; Business and Professional Code 310-313.5; State Administrative Manual (SAM); Patients' Rights Policies; Professionals Code of Ethics; A Copy of the Contract that The California Office Of Patients' Rights entered into with the Department of Mental Health and/or Coalinga State Hospital; Professional Standards of Care and Practice; Special Orders 001.12; 009; 208; 215.01; 231.02; 234; 239.02; 252.01; 262; 416.02; 519; 718.01; 722.03; 801; 812; 813.01; and 907.

> > **RESPONSE TO RFP, SET TWO, NO. 1:**
> >
> > Objections: compound, overbroad, equally available to plaintiff, not reasonably likely to lead to admissible evidence.

> **RFP, SET TWO, NO. 2:**

> Produce the California Code of Regulations wherein the topic related to fire safety inspection including title 8, title 19, title 22, and title 24. In addition, the State Fire Marshal's (SFM) regulation; NFRA life safety codes, California Health and Safety

Code section 1250; California Fire Codes (CFC) Chapter 8 Section 807.1.2; and Environment of Care PMT.

> **RESPONSE TO RFP, SET TWO, NO. 2:**

Objection: compound, overbroad, equally available to plaintiff, not reasonably likely to lead to admissible evidence.

> **RFP, SET TWO, NO. 3:**

Produce all California Code of Regulations Title 22.

> **RESPONSE TO RFP, SET TWO, NO. 3:**

Objection: compound, overbroad, equally available to plaintiff, not reasonably likely to lead to admissible evidence.

> **RFP, SET TWO, NO. 4:**

Produce all California Welfare and Institution Codes where in the topic is related to Wellness and Recovery Planning Team (WRPT) including 4312. In addition, California Administrative Code; Joint Commission on Accreditation of Health Care Organization (JACHO); Enhancement Plan and Wellness and Recovery Model Support System; and Clinical Outcome Evaluation System.

> **RESPONSE TO RFP, SET TWO, NO. 4:**

Objection: compound, overbroad, equally available to plaintiff, not reasonably likely to lead to admissible evidence.

> **RFP, SET TWO, NO. 5:**

Produce all documents wherein the topic relates to complaint procedures, individuals including California Welfare and Institution Code section 5325.9.

> **RESPONSE TO RFP, SET TWO, NO. 5:**

Objection: attorney client privilege, attorney work product privilege, vague, compound, overbroad, equally available to plaintiff, not reasonably likely to lead to admissible evidence.

///

///

> **RFP, SET TWO, NO. 6:**

Produce all documents wherein the topic relates to individuals' mail and packages, including California Code of Regulations, title 9, and California Welfare and Institution Code 4126.

> **RESPONSE TO RFP, SET TWO, NO. 6:**

Objection: attorney client privilege, attorney work product privilege, compound, overbroad, equally available to plaintiff, not reasonably likely to lead to admissible evidence.

> **RFP, SET TWO, NO. 7:**

Produce all documents where the topic relates to training of staff, including the Department of Mental Health's policy directive 308 (training) and policy directive 707 (supervisory training).

> **RESPONSE TO RFP, SET TWO, NO. 7:**

Objection: attorney client privilege, attorney work product privilege, compound, overbroad, equally available to plaintiff, not reasonably likely to lead to admissible evidence.

**Plaintiff's Arguments**

First, Plaintiff argues that his motion should be granted because documents that are a result of the regular course of business, such as the contract that the California Office of Patients' Rights entered into with the Department of Mental Health and/or Coalinga State Hospital, requested in Request No. 1, are not covered under any type of attorney client or attorney work product privilege.

Second, Plaintiff argues that he is entitled to copies of the requested documents because he is indigent, has no means to pay the costs for copies, and should not have to pay for copies since the documents are readily available in the Code of Civil Procedure.

**Ruling**:   Plaintiff's motion to compel is denied.

As discussed above, Rule 26 provides that parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and relevant information

need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Also, for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id.

The documents requested by Plaintiff in his Request for Production of Documents, Set Two, are largely copies of legal authority of the state of California, and rules, policies and procedures of the Department of Mental Health and Coalinga State Hospital. Defendant shall not be required to produce copies of legal authority, rules, policies, and procedures equally available to all parties. Many of Plaintiff's requests are also vague and overbroad. For example, in Request No. 1, Plaintiff requests "*all* Administrative Directives, Internal Management Directives, Special Orders *wherein the topic is related to Ethics* of Coalinga State Hospital *and/or* its Employees are to abide by, including ..." (Motion, Doc. 58 at 7 [Exh. 1]) (emphasis added). To require Defendant to make an extensive search to locate all of the documents within the scope of Plaintiff's request would be overly burdensome. Moreover, Plaintiff fails to meet his burden of demonstrating that the requested discovery is relevant to his claim for violation of the First Amendment. Further, Plaintiff is not entitled to compel Defendant to provide him with free copies merely because he is indigent.

In Request No. 1, Plaintiff requests a copy of the "contract that the California Office of Patients' Rights entered into with the Department of Mental Health (now known as the California Department of State Hospitals) and/or Coalinga State Hospital." Plaintiff argues that this document is not available to him. This request is vague and nonspecific as to date, description, or topic, and it would be overly burdensome for Defendants to search for every contract within the scope of Plaintiff's request.

In Requests Nos. 5, 6, and 7, Plaintiff requests all documents wherein the topic relates to complaint procedures, individuals' mail and packages, and training of staff. These requests are vague and overbroad, and Plaintiff has not met his burden of demonstrating that these documents are relevant within the meaning of Rule 26.

Therefore, Defendant shall not be compelled to make any further response to Plaintiff's Request for Production of Documents, Set Two.

IV.     CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's third motion to compel, filed on November 1, 2012, is DENIED; and

2.      Discovery in this action is now closed.


IT IS SO ORDERED.

Dated:   **August 22, 2013**                           **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE