UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD S. KINDRED, | 1:08-cv-01321-AWI-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT LINDA FIELDS |
| vs. | |
| CALIFORNIA DEPARTMENT OF MENTAL HEALTH, et al., | (Doc. 68.) |
| Defendants. | |

## I.  BACKGROUND

Richard S. Kindred ("Plaintiff"), a civil detainee presently detained at Coalinga State Hospital ("CSH"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 5, 2008. (Doc. 1.)  This action now proceeds on Plaintiff's original Complaint against defendants Barbara Devine[1] and Linda Fields, for the violation of Plaintiff's rights to freely exercise his religion under the First Amendment.[2]  Id.

---

[1] Plaintiff spelled this defendant's name "Barbra DeVine" in the Complaint.  (Cmpl., Doc. 1 at 4.)  Defendants have corrected the spelling to "Barbara Devine."  (Doc. 17 at 1.)

[2] On September 12, 2011, the Court dismissed all remaining claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 30.)

On June 14, 2013, Plaintiff filed a "Motion for Request of Entry of Default of Judgement" against defendant Linda Fields. (Doc. 68.)

## II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Before a default will be entered, the court clerk must be satisfied from Plaintiff's request and accompanying documentation that (1) defendant has been served with the summons (or has agreed to waive service); (2) the time allowed by law for responding has expired; (3) defendant has failed to file a pleading or motion permitted by law; and (4) defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b)(1); see First American Bank, N.A. v. United Equity Corp. 89 F.R.D. 81, 86 (D.C.D.C. 1981).

Plaintiff argues that a "default of judgement" should be entered pursuant to Rule 55 against defendant Linda Fields because defendant Fields has not replied to the complaint, and "[t]he other Defendant's attorney has made it quite clear that she does not represent defendant Linda Fields in these proceedings." (Motion, Doc. 68 at 1, 2.)

**Discussion**

On April 24, 2012, the Court issued an order directing the United States Marshal ("Marshal") to attempt service of process in this action upon defendant Linda Fields, using the

assistance of the California Department of Mental Health. (Doc. 43.) On November 8, 2012, defendant Linda Fields filed an Answer to the complaint. (Doc. 60.) On January 9, 2013, the Court received notice from the Marshal indicating that personal service was effected upon defendant Linda Fields on October 19, 2012. (Doc. 63.) The court's record reflects that defendants Linda Fields and Barbra Devine are both represented by California Deputy Attorney General Lisa Anne Tillman. (Court Record.)

Because defendant Linda Fields was served with process and appeared in this action by filing an Answer on November 8, 2012, the court cannot find that she failed to plead or otherwise defend this action. Therefore, Plaintiff is not entitled to entry of default or default judgment against defendant Linda Fields.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's "Motion for Request for Entry of Default Judgment" against defendant Linda Fields, filed on June 14, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **September 25, 2013**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE